E-FILED
Friday, 25 August, 2017 01:09:29 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEVIN P. MALLETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-3127-SEM-TSH |
| | ) | |
| ILLINOIS STATE LOTTERY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court is Defendant's Motion to Dismiss the Complaint (d/e 2). Plaintiff Kevin Mallette filed the Complaint in this case (d/e 1) on May 11, 2017, against Defendant Illinois State Lottery, alleging that he had been fraudulently deprived of his lottery winnings. In response, Defendant filed a Motion to Dismiss (d/e 2) and an accompanying Memorandum of Law (d/e 3). Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claim fails to state a claim upon which relief may be granted. Defendant further alleges that Plaintiff has not met the heightened standard of pleading for a fraud case set forth in Federal Rule of Civil Procedure 9(b), that this

Court lacks jurisdiction to hear Plaintiff's claim, and that Plaintiff's Complaint is barred by the Eleventh Amendment to the Constitution of the United States. Plaintiff disagrees with Defendant's arguments in his Response to the Motion to Dismiss, asserting that the Illinois Lottery is a corporation, not a state agency, and accordingly is not entitled to Eleventh Amendment immunity (d/e 6).

Defendant's Motion is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff is given 30 days from the date of this Order to file an amended complaint.

## I. BACKGROUND

The facts as stated in the complaint must be accepted by the Court as true when ruling on a motion to dismiss. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). The following information is taken from the allegations in the Complaint and the exhibit attached thereto.

On September 9, 2016, Plaintiff purchased a ticket for the Illinois Lottery's $5,000 a Week for Life instant game. That ticket revealed a set of numbers, none of which matched the listed

"winning" numbers, and a sack-shaped symbol atop the phrase "WINALL." Such a sack symbol entitles a ticketholder to "win all 15 prizes," according to the key on the ticket's front. Added up, the fifteen prizes on Plaintiff's ticket totaled $100.

Plaintiff asserts that the ticket was a scam, as the ticket did not reveal the $5,000 a Week for Life prize, even though there were fifteen "[m]oney bag symbols" on his ticket. He seeks $3,914,000 in compensatory damages for his alleged actual winnings and an additional $9,000,000 in punitive damages for fraud.

## II. JURISDICTION

This Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

A pleading that states a claim for relief must contain a "short and plain statement of the grounds for the court's jurisdiction" pursuant to Federal Rule of Civil Procedure 8(a)(1). Plaintiff has not provided such a statement. However, pro se complaints are

construed liberally by the Court and held to a "less stringent standard than formal pleadings drafted by lawyers." Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015); see also Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995) (noting that "in reviewing a *pro se* complaint, we must employ standards less stringent than if the complaint had been drafted by counsel").

Applying this leniency to Plaintiff's Complaint, the Court discerns a potential claim against Defendant for mail fraud under 18 U.S.C. § 1341. However, the Complaint contains no allegations regarding any use of the mails by Defendant in furtherance of an alleged fraudulent scheme. See Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 657 (7th Cir. 2015) (citations omitted). However, Plaintiff has neither alleged nor indicated any use of the mails. As such, the Complaint does not assert a federal law claim under § 1341 or another cause of action. The Court therefore does not have subject matter jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331.

Nor is jurisdiction established in diversity under 28 U.S.C. § 1332(a): Plaintiff is a resident of Illinois suing the Illinois Lottery, a state department operating under the executive branch of Illinois.

See 20 ILCS 5/5-15 (2011).  Plaintiff's Complaint consequently must be dismissed for lack of subject matter jurisdiction.

Moreover, Defendant correctly argues that Plaintiff's claim is barred by the Eleventh Amendment, which has long been interpreted to prohibit suits by citizens against their state government.  U.S. Const. amend. XI; Meadows v. Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988) (citing Hans v. Louisiana, 134 U.S. 1 (1890).  See also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 65-66, 74 (1996) (holding that Congress may not abrogate a State's immunity when it acts under its original Article I authority to regulate commerce).  "If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin., 603 F.3d 365, 370 (7th Cir. 2010).  In accordance with Illinois state law, the Illinois Lottery is properly considered a state department and is thus entitled to Eleventh Amendment immunity.  See Rasche v. Lane, 150 F. Supp. 3d 934, 939 (N.D. Ill. 2015) (citing 20 ILCS 5/5-15 (2011) ("The Departments of State government are created as follows: . . . The Department of the Lottery. . . . ")).

There are exceptions to state immunity. Congress may abrogate the Eleventh Amendment immunity of a State by statute in limited circumstances, and a State itself may waive its immunity "only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304-5 (1990).

Neither exception applies here. As previously discussed, the Complaint implicates no federal law as the basis for its claim, let alone a federal law in which Congress has unequivocally abrogated the state's immunity. See Nunez v. Ind. Dept. of Child Servs., 817 F.3d 1042, 1044 (7th Cir. 2016). Nor has Illinois waived its immunity. Plaintiff's lottery ticket does not contain a waiver of immunity, nor does the Illinois Lottery Law, the statute establishing the Lottery. See d/e 1; 20 ILCS 1605 et seq. Additionally, the state does not waive its immunity merely by contracting with a private party, such as by selling a lottery ticket. See Nunez, 817 F.3d at 1045. Plaintiff's suit is accordingly barred by the Eleventh Amendment.

As to Defendant's remaining arguments, the Court cannot and need not address them absent subject matter jurisdiction.

The Court also notes that in Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff seems to assert an additional claim—that Defendant perpetrated a fraud by designing a ticket that gave Plaintiff "no chance to win the grand prize" (d/e 6). Plaintiff argues that he was entitled to some chance of winning the grand prize, yet Defendant gave him <u>no</u> chance to win. But additional claims may not be asserted in a response to a motion to dismiss. Although a plaintiff "may assert additional facts in a motion to defeat dismissal, he or she cannot amend his or her complaint to state new claims in such a motion." <u>Smith v. Dart</u>, 803 F.3d 304, 311 (7th Cir. 2015) (citing <u>Am. Inter-Fid. Exch. v. Am. Re-Ins. Co.</u>, 17 F.3d 1018, 1021-22 (7th Cir. 1994). Plaintiff has therefore not properly asserted a fraud claim based on "no chance to win."

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint against the Illinois State Lottery (d/e 1) is DISMISSED WITHOUT PREJUDICE. Plaintiff is given 30 days from the date of this Order to file an

amended complaint.  The Clerk is directed to mail a copy of this Order to the address on file for Plaintiff.

ENTER: August 22, 2017

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE