IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN P. MALLETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17-3127-SEM-TSH |
| ) | |
| ILLINOIS STATE LOTTERY, ) | |
| GOVERNOR BRUCE RAUNER, and ) | |
| NORTHSTAR LOTTERY GROUP, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court is Defendant Illinois State Lottery's Motion to Dismiss Amended Complaint (d/e 9). Plaintiff Kevin Mallette filed the Complaint in this case (d/e 1) on May 11, 2017, against Defendant Illinois State Lottery, alleging that he had been fraudulently deprived of his lottery winnings. In response, the Illinois State Lottery filed a Motion to Dismiss (d/e 2) and an accompanying Memorandum of Law (d/e 3). The Court granted Defendant's Motion and dismissed Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

Plaintiff filed the Amended Complaint (d/e 8) on September 25, 2017, which also included Governor Bruce Rauner and Northstar Lottery Group as Defendants.[1]  Defendant Illinois State Lottery has again filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (d/e 9) and an accompanying Memorandum of Law (d/e 10), arguing that Plaintiff's claim fails to state a claim upon which relief may be granted. Defendant Illinois State Lottery further alleges that Plaintiff has not met the heightened standard of pleading for a fraud case set forth in Federal Rule of Civil Procedure 9(b), that this Court lacks jurisdiction to hear Plaintiff's claim, and that Plaintiff's Complaint is barred by the Eleventh Amendment to the Constitution of the United States.  Plaintiff disagrees with Defendant's arguments in his Response to the Motion to Dismiss, again asserting that the Illinois Lottery is a corporation, not a state agency, and accordingly is not entitled to Eleventh Amendment

---

[1] The Court notes that the additional Defendants have not responded, however it is not clear if these additional Defendants have been properly served. Plaintiff included a certificate of service indicating that all parties had been served via "hand delivery." See Amend. Comp. at 3 (d/e 8).  Plaintiff is required to comply with the requirements of Federal Rule of Civil Procedure 4 in order to effect service on these additional Defendants. However, whether the Defendants have been properly served will not have a bearing on the outcome of this motion.

immunity (d/e 15). Additionally, Plaintiff argues that Defendant's Motion to Dismiss is untimely pursuant to Federal Rule of Civil Procedure 15.

Defendant Illinois State Lottery's Motion is GRANTED, and Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction as to all Defendants. Plaintiff is not granted leave to amend.

## I. BACKGROUND

The facts as stated in the complaint must be accepted by the Court as true when ruling on a motion to dismiss. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). The following information is taken from the allegations in the Amended Complaint.

On September 9, 2016, Plaintiff purchased a ticket for the Illinois Lottery's $5,000 a Week for Life instant game. That ticket revealed that Plaintiff had the necessary symbol to win the "15 prizes as stated on the ticket." "When Plaintiff attempted to cash in the ticket, he was informed that the ticket value was $100.00."

Plaintiff asserts that the value of his ticket was actually $3,914,000.00 and that Defendants knew or should have known

that this was the value of his ticket. By not paying Plaintiff the value of the ticket and "enforcing actual wins" the Defendants have "participated in fraud and willful deception to the unsuspecting Public."

## II. JURISDICTION

This Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Plaintiff has correctly noted that Defendants did not timely respond to Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 15. However, under Federal Rule of Civil Procedure 12(h)(1), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(1). See also Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, may be raised by a party, or by a court on its

own initiative, at any stage in the litigation, even after trial and the entry of judgment.").

A pleading that states a claim for relief must contain a "short and plain statement of the grounds for the court's jurisdiction" pursuant to Federal Rule of Civil Procedure 8(a)(1). Plaintiff has still not provided such a statement. However, pro se complaints are construed liberally by the Court and held to a "less stringent standard than formal pleadings drafted by lawyers." Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015); see also Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995) (noting that "in reviewing a *pro se* complaint, we must employ standards less stringent than if the complaint had been drafted by counsel").

Plaintiff's Amended Complaint states it is being brought pursuant to the Uniform Commercial Code and the Uniform Sales Act. However, these are state laws, to the extent a state chooses to enact all or part of them, and not federal laws. Plaintiff's confusion may have arisen from the fact that many states have passed similar laws, such that the "uniform" goal of these model laws has been to some extent achieved. However, the fact that states may have uniform laws does not transform them into federal laws.

In dismissing Plaintiff's original Complaint, this Court attempted to discern a potential claim that would give the jurisdiction under 28 U.S.C. § 1331. See Opinion at 4 (d/e 7). The Court was only able to discern a potential claim against Defendant for mail fraud under 18 U.S.C. § 1341. However, the Amended Complaint still contains no allegations regarding any use of the mails by Defendant in furtherance of an alleged fraudulent scheme. See Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 657 (7th Cir. 2015) (citations omitted). As such, the Amended Complaint does not assert a federal law claim under § 1341 or another cause of action. The Court therefore does not have subject-matter jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331.

Nor is jurisdiction established in diversity under 28 U.S.C. § 1332(a): Plaintiff is a resident of Illinois suing the Illinois Lottery, a state department operating under the executive branch of Illinois. See 20 ILCS 5/5-15 (2011). Additionally, even if the additional Defendants, Governor Bruce Rauner and Northstar Lottery Group, are not residents of Illinois—which the Court highly doubts— diversity jurisdiction would still not be established because of a lack of complete diversity. See Exxon Mobil Corp. v. Allapattah Servs.,

Inc., 545 U.S. 546, 553 (2005) ("[W]e have consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Plaintiff's Amended Complaint consequently must be dismissed for lack of subject matter jurisdiction as to all Defendants.

Moreover, Plaintiff still has not overcome the fact that Plaintiff's claims against the Illinois State Lottery are barred by the Eleventh Amendment, as discussed in the Court's previous order dismissing this case. See Order at 5 (d/e 7). Plaintiff's citation to Burrus v. State Lottery Comm'n of Ind., 546 F.3d 417 (7th Cir. 2008), is inapposite. In Burrus, the Seventh Circuit held that the State Lottery Commission of Indiana could not assert an Eleventh Amendment immunity defense. See Id. at 417-18. As the Northern District of Illinois explained in Rasche v. Lane, 150 F. Supp. 3d 934, 939 (N.D. Ill. 2015), "[i]n Burrus, the defendant was not a department of the state of [ ] Indiana; it was a "commission" whose relationship to the state was not readily apparent. [ ] Thus, the

Seventh Circuit was required to conduct a detailed analysis to determine whether the lottery commission could be deemed an "arm of the state" for Eleventh Amendment purposes, considering such factors as its legal structure and its financial relationship to the state." Id. at 939 (internal citations omitted).  By contrast, the Illinois State Lottery is a state department, see 20 ILCS 5/5-15 (2011), and prior binding precedent holds that state departments are covered under the Eleventh Amendment.  See Rasche, 150 F. Supp. 3d at 939-40. See also, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

Plaintiff has already had one opportunity to amend his complaint and state a claim upon which this Court would have subject-matter jurisdiction and was not able to do so.  The Court finds that giving Plaintiff another opportunity to amend his complaint would be futile, therefore Plaintiff is not granted leave to amend.  See Agnew v. Nat'l Collegiate Athletic Ass'n, 683 F.3d 328, 347 (7th Cir. 2012) ("We have stated that a district court is not

required to grant [leave to amend] when a plaintiff has had multiple opportunities to state a claim upon which relief may be granted.") (citing Emery v. Am. Gen. Finance, Inc., 134 F.3d 1321, 1322–23 (7th Cir.1998)).

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Amended Complaint against the Illinois State Lottery, Governor Bruce Rauner, and Northstar Lottery Group (d/e 9) is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to mail a copy of this Order to the address on file for Plaintiff. This case is CLOSED.

ENTER: January 24, 2018

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE